CHARLES V. ZIMMER, Respondent, v. THE THIRD AVENUE RAILROAD COMPANY and the METROPOLITAN STREET RAILWAY COMPANY, Appellants.  (No. 2.)

*Expert — he may be cross-examined as to his expected compensation.*

An expert, on his cross-examination, may be properly asked what compensation he is to receive for his services in giving testimony.

APPEAL by the defendants, The Third Avenue Railroad Company and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 3d day of November, 1897, upon the verdict of a jury for $4,500, and also from orders entered in said clerk's office on the 17th day of November, 1897, denying the defendants' motions for a new trial made upon the minutes.

*Charles F. Brown* [*Henry A. Robinson* and *John T. Little, Jr.,* with him on the brief], for the appellant, the Metropolitan Street Railway Company.

*Herbert R. Limburger* [*Henry L. Scheuerman* with him on the brief], for the appellant, the Third Avenue Railroad Company.

*Ernest M. Welch*, for the respondent.

CULLEN, J.:

This is a father's action for the loss of the services of his daughter, who was injured in a collision between the cars of the defendants. The details of the occurrence are narrated in the case of Cecilia J. Zimmer against these defendants, decided herewith (*ante*, p. 265). The recovery awarded by the jury in this case is very large, but whether so large as to justify our interference we need not say, as in our opinion an error was committed on the trial which requires a reversal of the judgment. Medical witnesses for the plaintiff testified that the daughter, as a result of her injuries, was suffering from myelitis and locomotor ataxia. The expert for the defendants testified that the only trouble with the daughter was hysteria. On cross-examination the defendants sought to inquire of one of the experts of the plaintiff what compensation he was to receive for his services in giving testimony. The plaintiff objected, the objection was sustained and the defendants excepted. We think this ruling was erroneous. It is not necessary to descant on the discrepancies in the evidence of expert witnesses, depending upon the side for or against which they are called, nor shall we deliver a homily on such testimony. But with the imperfections that are conceded to exist in expert testimony, we think that the plainest dictates of justice require that the opposing party should have every opportunity to inquire into the fairness and interest of the expert, as well as into his scientific skill and knowledge. Plainly the size of the fee a witness is to receive for his testimony may, in the case of a weak character, bias his judgment, and the parties and the jury are entitled to know just what compensation an expert witness has received or is to receive. The error here is substantial, and may have been prejudicial. It is not like that which we discussed in the daughter's case. There the witness was concededly biased. Here the witness assumes to be disinterested, save that he was called and employed by one of the parties. If in fact his interest was greater, either because he had received an exorbitant fee or because the fee that he was to receive, whether exorbitant or not, was contingent

on the result of the litigation, the parties and the jury had a right to know it.

The judgment and orders appealed from should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment and orders reversed and new trial granted, costs to abide the event.