■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT COAKLEY, Appellant. [900 NYS2d 643]—

Judgment, Supreme Court, Bronx County (John W. Carter, J.), rendered January 13, 2009, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The prosecutor referred in summation to evidence, received without objection, that the defense expert had been compensated for his testimony (*see Zimmer v Third Ave. R.R. Co.*, 36 App Div 273 [1899]). Although "[s]howing that an expert witness is testifying for a fee is a standard impeachment technique" (*see* Martin, Capra and Rossi, New York Evidence Handbook § 6.6, at 474 [2d ed]), defendant argues on appeal that this comment unconstitutionally burdened his right to call witnesses. However, since defendant made no objection during the summation, and since his mistrial motion addressed to this comment raised a different ground from the ground asserted on appeal, defendant did not preserve his present claim, or any other constitutional argument, and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The prosecutor properly commented on a matter bearing on a witness's credibility, and did not attempt to draw an impermissible inference of guilt (*see Portuondo v Agard*, 529 US 61, 65-73 [2000]). Moreover, defendant's reasoning cannot plausibly be confined to cases in which the accused is indigent. If the prosecutor's summation comments penalized defendant for having exercised his constitutional right to present a defense, the same comments would constitute a constitutional violation in a case in which a wealthy defendant paid a substantial sum to an expert testifying on his behalf. Concur—Tom, J.P., McGuire, Moskowitz, Acosta and Freedman, JJ.